ANDREW GREENSTEIN and DEBRA GREENSTEIN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Greenstein v. Commissioner
Docket No. 2626-88
United States Tax Court
T.C. Memo 1990-405; 1990 Tax Ct. Memo LEXIS 426; 60 T.C.M. (CCH) 379; T.C.M. (RIA) 90405; August 2, 1990, Filed Sherin V. Reynolds and Stephen F. Goldenberg, for the petitioners. Theresa E. Mitchell, for the respondent. JACOBS, Judge. JACOBS
MEMORANDUM FINDINGS OF FACT AND OPINION This case is before us on cross motions to dismiss for lack of jurisdiction. Petitioners seek dismissal on the ground that the notice of deficiency was invalid *427 because it was not sent to their "last known address"; respondent seeks dismissal on the ground that the petition was not filed within the time prescribed by section 6213(a). [1]
FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulations of fact and accompanying exhibits are incorporated herein by this reference. At the time the petition was filed, Andrew Greenstein resided in West Palm Beach, Florida, and Debra Greenstein resided in Boca Raton, Florida. They married in 1981. They divorced after the tax years in issue but before filing their petition. Hereinafter, Andrew Greenstein is singularly referred to as petitioner, and he and Debra Greenstein collectively as the Greensteins. Petitioner was a partner in A&L Coin and Stamp Company (A&L). As a result of a tax audit of A&L, the IRS audited the partners' individual returns for 1979, *428 1980, and 1981. During the course of such audit, respondent's agent became aware that petitioner had not filed tax returns for 1979 and 1980. (The Greensteins filed a joint 1981 return on April 25, 1983. The 1981 return bore a Ft. Pierce, Florida, address.) The agent subsequently prepared substitute returns for 1979 and 1980, using the Ft. Pierce address listed on the Greensteins' 1981 return. During a telephone conversation in early December 1983, petitioner informed the agent that he had moved from his Ft. Pierce address to 5416 Southwest 52nd Street, Pembroke Park, Florida 33023 (52nd Street address). The agent thereafter prepared a document (known as a special handling notice) which indicated petitioner's change of address to the 52nd Street address. The agent concluded his audit for 1979, 1980, and 1981 in December 1983. On March 27, 1984, the Greensteins filed a joint 1982 return, but failed to include their address in the space provided on the return. On April 4, 1984, the same agent who had audited the previous years began an examination of the Greensteins' 1982 return. During the course of that audit, the agent became aware that petitioners' correct residence address *429 was 5416 Southwest 32nd Street, instead of 5416 Southwest 52nd Street, Pembroke Park, Florida. The agent listed his proposed adjustments to the Greensteins' 1982 return on IRS Form No. 4549, "Income Tax Examination Changes." On Form 4549, he listed the Greensteins' address as 5416 Southwest 32nd Street, Pembroke Park, Florida 33023 (32nd Street address). A copy of the Form 4549 was mailed to the Greensteins at their 32nd Street address on June 5, 1984. On June 12, 1984, the agent held a conference with petitioner to discuss the proposed changes for 1982. During that conference petitioner informed the agent that he agreed with the changes and would have Mrs. Greenstein sign the Form 4549 and mail it back. The agent received the signed Form 4549 on June 21, 1984; on July 2, 1984, he mailed a fully executed copy to the Greensteins at their 32nd Street address. Also on July 2, 1984, the agent assembled the examination file and forwarded it to respondent's review staff. The review staff returned the 1982 file for certain requested changes. On December 18, 1984, another IRS agent (new agent) made the requested changes and prepared a revised Form 4549. (The previous agent *430 left the employ of the IRS on November 11, 1984.) The new agent telephoned petitioner to inform him of the changes and mailed a copy of the revised Form 4549 to the Greensteins at their 32nd Street address. On January 11, 1985, the new agent received the revised Form 4549 which had been executed by the Greensteins on January 8, 1985. On March 20, 1985, respondent mailed a 30-day letter to petitioner for 1979 and 1980, and a separate 30-day letter to the Greensteins for 1981, to the 52nd Street address. On April 1, 1985, both letters were returned to respondent with the notation "no such number" appearing on the envelope. Then, on May 17, 1985, the agent remailed the 30-day letters to the 32nd Street address. The post office returned these letters to respondent on June 6, 1985, with a notation on the envelope indicating that the Greensteins had moved. (The postal service was unable to forward the letters because petitioners failed to leave a forwarding address.) Sometime after June 1984, the Greensteins moved to Davie, Florida. Petitioner and his wife lived together in Davie, Florida until May 1986, at which time they separated. Petitioner moved to Lake Worth, Florida; Mrs. *431 Greenstein remained in Davie. Respondent was never notified of any of petitioners' changes in address. The Schedule K-1 attached to A&L's 1983 partnership return bore a Davie, Florida, address for petitioner. The A&L partnership return for 1983 was filed in August 1984. Petitioner received gambling winnings in 1984 which were reflected on W-2G forms, and dividends from Morgan Guaranty Trust Company reflected on a Form 1099-DIV. The W2-G forms and Form 1099-DIV listed the same Davie, Florida, address as the Schedule K-1 for 1983. On October 8, 1985, respondent sent a notice of deficiency to petitioner for 1979 and 1980 by certified mail to the 32nd Street address, but with an incorrect zip code. On the same date and using the same address, respondent sent a notice of deficiency by certified mail to the Greensteins for 1981. On October 22, 1985, both notices of deficiencies were returned to respondent with a notation that the addressee had moved without leaving a forwarding address. The Greensteins filed a joint 1983 return on December 29, 1986; petitioner filed a separate return for 1984 on September 15, 1986. The petition in this case was mailed on February 4, 1988, and *432 filed with the Court on February 9, 1988. OPINION It is well settled that to maintain an action in this Court there must be both a valid notice of deficiency and a timely filed petition. ; see also ; . The Commissioner is authorized to send a notice of deficiency by certified or registered mail once he determines there is a deficiency in tax. Sec. 6212(a). Section 6212(b)(1) provides that the mailing of the notice of deficiency to the taxpayer's last known address shall constitute sufficient notice. Once this has occurred, the taxpayer has 90 days [2] within which to file a petition with this Court. Sec. 6213(a). There is no requirement that the taxpayer actually receive the notice of deficiency before the expiration of the 90-day period; proper mailing is all that is required of the Commissioner. ; , affd. without published opinion *433 The phrase "last known address" is not defined in either the Internal Revenue Code or the regulations, but we have defined it as "the taxpayer's last permanent address or legal residence known by the Commissioner, or the last known temporary address of a definite duration to which the taxpayer has directed the Commissioner to send all communications during such period." . The focus in determining the taxpayer's last known address is on what respondent knew at the time he issued the statutory notice of deficiency rather than on what in fact may have been the taxpayer's actual address, and whether, in light of all the surrounding facts and circumstances, he used an address to which he reasonably believed the taxpayer wanted the notice to be sent. ; *434 ; ; ; , affd. without published opinion . Generally, a taxpayer's "last known address" is that address which appears on the taxpayer's most recently filed return, unless respondent is given clear and concise notification of a different address. Respondent must exercise reasonable diligence in ascertaining a taxpayer's last known address. . Whether he has exercised due diligence in a given case is one of fact to be determined from all of the surrounding facts and circumstances. , affg. . Nevertheless, administrative realities demand that the burden fall upon the taxpayer to keep the Commissioner informed as to his proper address. . *435 During a December 1983 telephone conversation with the IRS agent auditing his returns, petitioner informed the agent of an address change (the 52nd Street address); however, the 52nd Street address was erroneous in that the street number address was incorrect (the correct address was 32nd Street). When the envelopes containing the 30-day letters and the notices of deficiency (which were mailed to the 52nd Street address) were returned because of the incorrect street address, respondent remailed the 30-day letters and the notices of deficiency to the 32nd Street address. Petitioners claim that the 32nd Street address was never given to respondent. We find such claim incredulous. Petitioner acknowledges that he did in fact reside at the 32nd Street address. Further, the Greensteins received, and responded to, communications mailed to them by respondent (in July 1984) at the 32nd Street address. Petitioners contend that respondent should have mailed the notices of deficiencies to the Ft. Pierce address since that was the address on the Greenstein's 1981 return and the 1981 return was the most recently filed return bearing an address. We disagree. Oral notification of an address *436 change has been held to constitute clear and concise notification. ; . Petitioners' 1982 return, their most recent return filed prior to respondent's mailing the notices of deficiencies, failed to include any address; thus, that return did not serve to notify respondent of an address different from the 32nd Street address. Since the Greensteins failed to clearly and concisely notify respondent of any other address, respondent was entitled to treat the 32nd Street address as the Greensteins' last known address. Petitioners complain of respondent's use of an incorrect zip code on the notices of deficiencies. Inconsequential errors in addressing a notice of deficiency do not destroy its validity. . A notice of deficiency is not invalidated because of an incorrect zip code. ; . Moreover, here it does not appear that the use of an incorrect zip code caused a *437 delay in delivery of the deficiency notices. We conclude that the Greensteins have failed to show that the notices of deficiencies were not mailed to their "last known address" within the meaning of section 6212(b). Since the petition was not filed until February 8, 1988, which date was beyond 90 days after the mailing of the notices of deficiency on October 8, 1985, respondent's motion to dismiss for lack of jurisdiction is granted. Petitioner's motion to dismiss for lack of jurisdiction is denied. (Several Form W-2Gs and a Form 1099-DIV which reflected a Davie, Florida, address were introduced into evidence. These forms were filed with respondent by third parties and do not provide sufficient notification of an address change. .) To reflect the foregoing, Appropriate orders will be entered. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for 1979 through 1981, the years in issue.↩
2. A taxpayer has 150 days to petition this Court if the notice of deficiency was addressed to a person outside the United States. Sec. 6213(a).↩